**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWTIS DONALD RHODEN, | No. 13-55103 |
| Plaintiff - Appellee, | D.C. No. 8:08-cv-00420-MWF-SS |
| v. | |
| SHERIFF MICHAEL S. CARONA, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California,
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 24, 2015[**]

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

Lawtis Donald Rhoden appeals the district court's grant of Sheriff Michael

Carona's motion for summary judgment on three of Rhoden's 42 U.S.C. § 1983

claims challenging the conditions of his civil detention. With respect to his claims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

which proceeded to trial, Rhoden also appeals the trial court's decision to allow evidence of his prior convictions and Sexually Violent Predator ("SVP") status before the jury. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Tehama-Colusa Canal Auth. v. U.S. Dep't of the Interior*, 721 F.3d 1086, 1093 (9th Cir. 2013). We review the district court's evidentiary ruling for abuse of discretion. *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001). We affirm.

Rhoden is a convicted state prisoner who was transferred to the Orange County Jail in 2004 to await civil proceedings under the California Sexually Violent Predator Act ("SVPA") prior to his release. In his § 1983 claims, Rhoden alleged that the prison officials withheld his mail, confiscated his legal documents, and transferred him to a smaller cell in retaliation for filing grievances and a civil rights complaint against the officials. He further claimed that the confiscation of his legal documents impermissibly impeded his right to access the courts by hindering his § 1983 action. Adopting the findings, conclusions and recommendations of the Magistrate Judge, the district court granted summary judgment in favor of Carona on all of these claims. We conclude that the district court's grant of summary judgment was proper.

In the context of pre-trial detention, restrictions do not constitute punishment if they are "reasonably related to a legitimate governmental objective . . . ." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). Here, Carona argues that a jail rule limits the amount of mail and other paperwork inmates can keep in their cells in order to mitigate fire hazards and prevent the concealment of contraband. Rhoden adduced no evidence beyond his own inadmissable opinion that Carona confiscated his mail and documents for punitive purposes. Accordingly, Rhoden failed to raise a genuine issue of fact as to whether Carona withheld his legal mail and confiscated his legal documents in furtherance of legitimate, non-punitive objectives.

The confiscation and withholding of Rhoden's papers did not impermissibly impair his right to access the courts. The Constitution vindicates the right of "meaningful access" to the courts — that is, the ability to bring "contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 351, 356 (1996). The official acts or omissions complained of must result in "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. Here, in contrast, Rhoden was able to successfully file this § 1983 action with the court. There is no genuine issue of fact as to whether Carona violated his right of meaningful access to the courts.

3

Finally, Rhoden's transfer to a smaller cell was not a violation of his constitutional rights. "When prison officials have legitimate administrative authority, such as the discretion to move inmates from . . . cell to cell, the Due Process Clause imposes few restrictions on the use of that authority, regardless of any additional motives which are claimed to exist." *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991).

The district court did not abuse its discretion by allowing evidence of Rhoden's prior convictions and SVP status to be presented to the jury. The district court determined that the probative value of this evidence outweighed the prejudice and we review this decision with "considerable deference." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000).

**AFFIRMED.**